**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JOSEPH D. MANN**<br>17518 Bodsford Dr.<br>Woodhaven, MI 48183<br><br>**Plaintiff,**<br><br>v.<br><br>**TRUSTED TRANSFER, LLC**<br>710 N. Main St., Suite 101A<br>River Falls, WI 54022<br><br>and<br><br>**FATHI O. SHEIKH**<br>8056 Xenia Ave. North<br>Brooklyn Park, MN 55443<br><br>**Defendants.** | Case No.: 23-cv-00785<br><br>Judge:<br>Magistrate:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**Jury Demand Endorsed Hereon**<br><br>Charles E. Boyk (0000494)<br>Michael A. Bruno (0033780)<br>Andrea R. Young (0096334)<br>Charles E. Boyk Law Offices, LLC<br>1500 Timberwolf Drive<br>Holland, Ohio 43528<br>Telephone: (419) 241-1395<br>Facsimile: (419) 241-8731<br><br>cboyk@charlesboyk-law.com<br>mbruno@charlesboyk-law.com<br>ayoung@charlesboyk-law.com<br><br>*Attorneys for Plaintiff* |

Now comes Plaintiff Joseph D. Mann by and through the undersigned counsel, and hereby files this Complaint against Defendants Fathi O. Sheikh and Trusted Transfer, LLC for injuries and damages arising out of an automobile collision that occurred on or about October 26, 2022. In support of his claims, Plaintiff states as follows:

### THE PARTIES

1. Plaintiff Joseph D. Mann is an individual and resident of Woodhaven, Wayne County, Michigan.

1

2. Defendant Trusted Transfer, LLC is a Wisconsin corporation with its principal place of business in Fort Atkinson, Jefferson County, Wisconsin.

3. Defendant Fathi O. Sheikh is an individual and resident of Brooklyn Park, Hennepin County, Minnesota.

## JURISDICTION AND VENUE

4. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

5. Plaintiff's claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

6. Because Plaintiff is a citizen of the State of Michigan, no Defendant is a citizen of the State of Michigan, and the amount in controversy exceeds $75,000.00, diversity jurisdiction exists in this Court.

7. Venue is proper in this Court because this action arises from a motor vehicle collision occurring in Toledo, Lucas County, Ohio, which is located in this judicial district.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

9. On or about October 26, 2022, Plaintiff Joseph D. Mann was lawfully operating his vehicle northeast on I-75 in Toledo, Lucas County, Ohio.

10. At all relevant times, Plaintiff Joseph D. Mann was restricted by a shoulder and lap belt.

11. Approximately 8 minutes prior to Plaintiff's accident, Defendant Fathi O. Sheikh was operating a vehicle owned by Defendant Trusted Transfer, LLC southbound on I-75 in Toledo, Lucas County, Ohio.

12. At all relevant times, Defendant Fathi O. Sheikh was acting within the course and scope of his employment with Defendant Trusted Transfer, LLC.

13. As Defendant Fathi O. Sheikh was driving his semi-tractor-trailer, it began to fishtail and, in an attempt to correct the fish-tail, he crashed into the concrete divider between southbound and northbound I-75.

14. The impact of this collision caused large pieces of the concrete barrier to be pushed over into the lane of travel on northbound I-75.

15. As Plaintiff Joseph D. Mann was driving northeast on I-75 in the left lane, he struck a piece of the concrete barrier destroyed by Defendant Fathi O. Sheikh, causing his vehicle to be sent airborne and resulting in significant property damage and personal injury.

16. As a result of the collision, Plaintiff Joseph D. Mann's vehicle was totaled; property damage has not yet been resolved.

17. The Toledo Police Department responded to the scene of Defendant Fathi O. Sheikh's collision and cited Defendant Fathi O. Sheikh with failure to control, a violation of Ohio Revised Code § 4511.202.

18. The Ohio State Highway Patrol responded to the scene of the accident for Plaintiff Joseph D. Mann; no citation was issued.

## **FIRST CAUSE OF ACTION**
*(Negligence – Defendant Fathi O. Sheikh)*

19. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

20. Defendant Fathi O. Sheikh owed Plaintiff Joseph D. Mann a duty of care to adhere to the traffic laws of the State of Ohio and not operate the vehicle he was driving in such a manner that may cause injury to Plaintiff.

21. Defendant Fathi O. Sheikh breached these duties and was negligent by failing to control his vehicle traveling southbound on I-75, failing to adhere to local and state traffic laws, and colliding with the concrete barrier between northbound and southbound I-75, causing Plaintiff Joseph D. Mann to collide with the same.

22. As a direct and proximate result of Defendant Fathi O. Sheikh's negligence, Plaintiff Joseph D. Mann sustained serious personal injuries, including but not limited to injuries to his spine. Plaintiff was required to undergo medical care, incurred medical care costs, along with other economic losses, property damage, and incurred great pain and suffering. Further, Plaintiff Joseph D. Mann believes these injuries are permanent in nature, that Plaintiff will require future medical care and future medical care costs, and that he will continue to endure great pain and suffering.

## **SECOND CAUSE OF ACTION**
**(*Vicarious Liability – Defendant Trusted Transfer, LLC*)**

23. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

24. Defendant Fathi O. Sheikh was at all relevant times an employee, statutory employee, agent, servant, or independent contractor for Defendant Trusted Transfer, LLC.

25. Defendant Trusted Transfer, LLC is liable for the negligence of their employees, statutory employees, agents, servants, or independent contractors that occurs within the scope of their employment under the doctrine of respondeat superior or vicarious liability.

26. Because Defendant Fathi O. Sheikh was negligent as set forth above, and because at all relevant times, he was acting within the scope of his employment as an employee, statutory employee, agent, servant, or independent contractor for Defendant Trusted Transfer, LLC, that Defendant is liable for the negligence of their employee and/or agent Defendant Fathi O. Sheik.

## THIRD CAUSE OF ACTION
(*Statutory Violations/Negligence Per Se – Defendant Fathi O. Sheikh*)

27. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

28. Defendant Fathi O. Sheikh violated several state and federal statutes and regulations, including but not limited to 49 CFR §§ 350-399, and specifically including, but not limited to, the following:

    a. 49 CFR § 392.3 – Ill or Fatigued Driver;

    b. 49 CFR § 395.3 – Maximum Driving Time;

    c. O.R.C. § 4511.20 – Willful or Wanton Operation on Street or Highway;

    d. O.R.C. § 4511.79 – Driving with Impaired Alertness or Ability;

    e. O.R.C. § 4511.202 – Operating vehicle without reasonable control.

5

29. Defendant Fathi O. Sheikh's violations of state and federal statutes and regulations constitute negligence per se.

30. Plaintiff Joseph D. Mann is in a class of individuals contemplated by the State and Federal legislatures as the intended class to be protected by the following law and regulations, including, but not limited to, 49 CFR §§ 250-399.

31. The negligence per se of Defendant Fathi O. Sheikh was the direct and proximate cause of the injuries sustained by Plaintiff Joseph D. Mann.

32. Plaintiff, as a result of the negligence, negligence per se, and/or statutory violations of one or all of the Defendants or their agents, directly and proximately sustained serious and permanent injuries.

## FOURTH CAUSE OF ACTION
(*Strict Liability – Defendant Trusted Transfer, LLC*)

33. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

34. Regardless of the employment relationship, Defendant Trusted Transfer, LLC is the registered owner of USDOT number 3131536 displayed on the tractor unit involved in this collision and is therefore responsible for the acts of the driver of that unit.

## FIFTH CAUSE OF ACTION
(*Statutory Violations/Negligence Per Se – Defendant Trusted Transfer, LLC*)

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

36. Defendant Trusted Transfer, LLC violated and encouraged or permitted its commercial drivers, employees, statutory employees, agents, servants, and

independent contractors, including Defendant Fathi O. Sheikh, to violate state and federal statutes and regulations, including but not limited to 49 CFR §§ 350-399, and specifically including, but not limited to, the following:

    a. 49 CFR § 392.3 – Ill or Fatigued Driver;

    b. 49 CFR § 395.3 – Maximum Driving Time;

    c. O.R.C. § 4511.20 – Willful or Wanton Operation on Street or Highway;

    d. O.R.C. § 4511.79 – Driving with Impaired Alertness or Ability;

    e. O.R.C. § 4511.202 – Operating vehicle without reasonable control.

37. Plaintiff Joseph D. Mann is in a class of individuals contemplated by the State and Federal legislatures as the intended class to be protected by the following law and regulations, including, but not limited to, 49 CFR §§ 250-399.

38. Defendant Trusted Transfer, LLC's statutory violations directly and proximately caused Plaintiff Joseph D. Mann's damages and injuries.

39. Defendant Trusted Transfer, LLC is negligent per se based on these statutory and regulatory violations.

## SIXTH CAUSE OF ACTION
(*Negligent Hiring – Defendant Trusted Transfer, LLC*)

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

41. Defendant Trusted Transfer, LLC had a duty to act reasonably in investigating the work history, credentials, and fitness of all its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Fathi O. Sheikh, to be operators of commercial motor vehicles.

42. Defendant Trusted Transfer, LLC, had a duty to act reasonably in hiring all its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Fathi O. Sheikh, to be operators of commercial motor vehicles.

43. Defendant Trusted Transfer, LLC had a duty to properly train all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Fathi O. Sheikh, to be operators of commercial motor vehicles.

44. Defendant Trusted Transfer, LLC had a duty to promulgate and enforce rules and regulations to ensure that all its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Fathi O. Sheikh, and all its commercial motor vehicles, were reasonably safe.

45. Defendant Trusted Transfer, LLC, had a duty to act reasonably in supervising the conduct of all its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Fathi O. Sheikh, as required by the Federal Motor Carrier Safety Regulations, including, but not limited to, parts 391, 392, 395, 396 and 397, and the laws of the State of Ohio including, but not limited to sections 1-11 of the Commercial Driver License Manual.

46. Defendant Trusted Transfer, LLC had a duty to act reasonably in retaining all its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Fathi O. Sheikh, to be operators of commercial motor vehicles.

47. The negligence of Defendant Trusted Transfer, LLC was the direct and proximate cause of the injuries and property damage sustained by Plaintiff Joseph D. Mann.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants Fathi O. Sheikh and Trusted Transfer, LLC in an amount exceeding Twenty-Five Thousand Dollars ($75,000.00), together with interest, costs, reasonable attorney fees associated herewith, and such other and further relief as the Court may deem just.

Respectfully submitted,

/s/Charles E. Boyk
Charles E. Boyk
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully submitted,

/s/Charles E. Boyk
Charles E. Boyk
Attorney for Plaintiff