UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph D. Mann,                           Case No. 3:23-cv-785

        Plaintiff,

v.                                          ORDER

Trusted Transfer, LLC, et al.,

        Defendant.

On April 17, 2023, Plaintiff Joseph D. Mann filed this action against Defendants Trusted Transfer, LLC and Fathi O. Sheikh, asserting this court had original diversity jurisdiction over this matter. (Doc. No. 1 at 2). But Plaintiff's counsel has failed to state sufficient jurisdictional allegations to invoke this court's diversity jurisdiction.

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In the Complaint, Plaintiff states, "Defendant Trusted Transfer, LLC is a Wisconsin corporation with its principal place of business in Fort Atkinson, Jefferson County, Wisconsin."

(Doc. No. 1 at 2). But according to the Wisconsin Secretary of State website, Trusted Transfer, LLC is not a corporation. Instead, as its name suggests, it is an LLC. Therefore, its citizenship is determined by the citizenship of each of its members and sub-members. Because Plaintiff has not provided this information, I cannot conclude diversity jurisdiction was properly invoked. *See Delay*, 585 F.3d at 1005.

To maintain this action in federal court, Plaintiff must supplement the Complaint by filing an affidavit of jurisdiction on or before June 30, 2023. In the affidavit, Plaintiff shall identify each member and sub-member of Defendant Trusted Transfer, LLC. This "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). For each member and sub-member, Plaintiff shall state jurisdictional allegations sufficient for me to determine the citizenship of that member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

I urge Plaintiff to confer with Trusted Transfer, LLC to acquire the necessary information so this matter can be resolved as soon as possible. Should Plaintiff require any extension of the deadline to file the affidavit of jurisdiction, the motion shall detail Plaintiff's efforts to obtain the information in sufficient time to comply with this Order. This shall include attempts to contact Trusted Transfer, LLC.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge